UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00932-FDW

| | | |
|---|---|---|
| **TEBIAN PEREZ RUFF,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM OF DECISION AND ORDER** |
| | ) | |
| | ) | |
| **M. HARRIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1] pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

## I. BACKGROUND

Pro se Plaintiff Tebian Perez Ruff is a prisoner of the State of North Carolina currently incarcerated at the Avery/Mitchell Correctional Institution in Spruce Pine, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on November 4, 2026, against Defendant M. Harris, identified as a police officer with the Charlotte-Mecklenburg Police Department. [Doc. 1]. Plaintiff appears to sue Defendant Harris in his individual capacity only. [See id. at 1-2]. Plaintiff alleges as follows.

Defendant Harris was investigating a call related to an assault with a deadly weapon and apparently conducted an investigatory stop of the Plaintiff. [Id. at 2]. While Plaintiff, who was unarmed, was surrendering for arrest with his hands up, Defendant Harris shot Plaintiff in the leg at close range, severing his femoral artery. Plaintiff fell from the shot, and another officer intervened to stop Defendant Harris from shooting Plaintiff again. Plaintiff passed out from blood

loss. [Id. at 2-3]. In the incident report, Defendant Harris claimed that he thought he saw a gun in Plaintiff's hand. [Id. at 3].

Plaintiff purports to state claims under the Fourth and Eighth Amendments.[1] [Id. at 3]. He also purports to state a claim based on an alleged false report of the incident by Defendant Harris. [Id.]. Plaintiff claims he suffered various physical injuries and that he has been traumatized from the incident. [Id.]. Plaintiff seeks monetary relief only. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

[1] The Court will address only those claims fairly raised by Plaintiff's Complaint. Any claims not specifically addressed are dismissed for Plaintiff's failure to state a claim for relief.

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable ... seizures." U.S. Const. amend. IV. Claims alleging that law enforcement officials used excessive force during the course of arrest, investigatory stop, or other seizure should be analyzed under the Fourth Amendment. Graham v. Connor, 490 U.S. 386 (1989). "[I]n analyzing an excessive force claim, a court must determine whether the force was objectively unreasonable in light of the 'facts and circumstances of each particular case.'" Lombardo v. City of St. Louis, 594 U.S. 464, 466 n.2 (2021) (quoting Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)); see Somers v. Devine, 132 F.4th 689, 698 (4th Cir. 2025) (the Fourth and Fourteenth Amendment excessive force inquiries are "functionally identical"). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. Factors relevant to this inquiry include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 576 U.S. at 397; see Barnes v. Felix, 605 U.S. 73, 76 (2025).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable

inference, Plaintiff's Fourth Amendment excessive force claim against Defendant Harris survives initial review as not clearly frivolous.

Plaintiff, however, has failed to state a claim based on allegations of Defendant Harris submitting a false report regarding the incident. This conduct does not implicate Plaintiff's constitutional rights or otherwise state a claim for relief. The Court, therefore, will dismiss this claim.

## IV. CONCLUSION

In sum, Plaintiff's Fourth Amendment excessive force claim against Defendant Harris survives initial review as not clearly frivolous. Plaintiff's remaining claims are dismissed for Plaintiff's failure to state a claim for relief.

## ORDER

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Fourth Amendment excessive force claim against Defendant Harris, which passes initial review.

**IT IS FURTHER ORDERED** that Clerk is directed to mail one (1) blank summons form to Plaintiff for Plaintiff to fill out and identify Defendant Harris for service of process and then return the summons to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon Defendant Harris.

**IT IS SO ORDERED**.

Signed: November 6, 2026

Frank D. Whitney
Senior United States District Judge